**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1074

———————

MARIA ANTONIO,
Appellant

v.

PROGRESSIVE INSURANCE COMPANY

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-06055)
District Judge: Hon. Nitza I. Quiñones Alejandro

———————

Submitted under Third Circuit L.A.R. 34.1(a)
October 4, 2019

———————

Before: SHWARTZ, SCIRICA, and FUENTES, *Circuit Judges*.

(Opinion filed:  January 8, 2020)

———————

OPINION[*]

———————

FUENTES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

This appeal arises out of Maria Antonio's dissatisfaction with Progressive Insurance Company's ("Progressive") handling of her claim for underinsured motorist ("UIM") benefits following an automobile accident in May 2014. After Progressive removed the action to federal court, the parties tried the case before a jury, which returned a verdict in favor of Progressive. Antonio appeals several of the District Court's evidentiary rulings and argues that the District Court gave an erroneous jury instruction on the applicable burden of proof. For the following reasons, we will affirm.

## I.

In May 2014, Antonio was involved in an automobile accident with an under-insured driver. Antonio alleges that, as a result of the accident, she suffered a "severe brain injury," as well as "strains and sprains and permanent injuries in her neck and left extremities," and months later suffered a stroke.[1] In May 2015, the at-fault driver's insurance company tendered its policy limit of $15,000. Thereafter, Antonio, who was insured by Progressive, sent Progressive a letter making a UIM claim. Progressive assigned the claim to Michelle Shank, a claims adjuster.

Shank began evaluating Antonio's claim in July 2015. Based on Antonio's medical records, the lack of documentation connecting the accident and the stroke, and the lack of documentation indicating wage loss, Shank concluded that the $15,000 Antonio received from the at-fault driver's insurance policy adequately covered her

---

[1] J.A. 21a.

2

damages.  Nonetheless, Shank offered to settle the matter for $1,000, which Antonio rejected.

Thereafter, the parties exchanged correspondence and disputed the extent of Antonio's injuries and wage loss.  In November 2015, after receiving wage loss documentation, Shank updated her offer to $2,500.  In March 2016, after reviewing additional records, Shank updated her evaluation and offered Antonio $10,300 to settle the matter.  After Antonio rejected that offer, Progressive offered the policy limit of $15,000.

Antonio filed suit in Pennsylvania state court, alleging that Progressive acted in bad faith when processing and evaluating her UIM benefits claim, in violation of Pennsylvania's Bad Faith Statute.[2]  Progressive removed the action to the United States District Court for the Eastern District of Pennsylvania.  Prior to trial, Progressive moved to preclude the report and testimony of Antonio's purported expert, Mark Kardos; medical evidence not presented to Progressive during the pendency of the UIM claim; evidence of Antonio's mental suffering and emotional distress; and evidence regarding non-recoverable damages.  The District Court granted most of Progressive's motions and the parties proceeded to trial.  The jury returned a verdict in favor of Progressive.  This appeal followed.

---

[2] 42 Pa. Cons. Stat. § 8371.

**II.**[3]

On appeal, Antonio contends that the District Court erred in excluding her expert witness and evidence relevant to the value of her UIM claim. She also challenges the District Court's exclusion of evidence supporting her request for compensatory damages and the District Court's jury charge.

**A.**

Antonio argues that the District Court abused its discretion when it precluded Kardos's testimony as evidence of "other claims" without analyzing its admissibility under Rules 702 and 703 of the Federal Rules of Evidence.[4] She also argues that the District Court erred in precluding the testimony without holding a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[5] We disagree.

We review "a district court's application of Rule 702, as well as the decision whether to grant a *Daubert* hearing, for abuse of discretion."[6] An abuse of discretion occurs when the district court's decision is "arbitrary, fanciful, or clearly unreasonable."[7] Further, "[w]e have explained that Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit."[8] "[T]he expert testimony must fit the issues

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.
[4] Appellant's Br. 16.
[5] 509 U.S. 579 (1993).
[6] *Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000).
[7] *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009).
[8] *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).

in the case;" that is, "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact."[9]

As a threshold matter, based on this record, we conclude that the District Court acted within its sound discretion in ruling on the admissibility of Kardos's proffered expert testimony without first holding a *Daubert* hearing. In *Oddi v. Ford Motor Company*, we explained that a *Daubert* hearing was not required where the district court already possessed the parties' submissions, including the experts' affidavits, and the plaintiff did not explain how a "hearing would have advanced his position."[10] Here, the District Court similarly had a sufficient record upon which to rely, including Kardos's expert report and the parties' submissions, rendering a *Daubert* hearing unnecessary. In addition, Antonio did not request a *Daubert* hearing and she fails to explain how a hearing would have benefitted her or the District Court's consideration of the issue.

In addition, we reject Antonio's argument that the District Court erred in precluding Kardos's expert testimony. At trial, Antonio renewed her motion "to admit Kardos's testimony for the very limited purpose of establishing a range of value for Antonio's underlying UIM claim."[11] The District Court denied the motion, stating that "what other cases have paid is not relevant to this case, what the value of this case is" and that the jury "will be instructed to use their common sense" in compensating Antonio should she prevail.[12] From these statements, it is apparent that the District Court

---

[9] *Id.*
[10] 234 F.3d 136, 154-55 (3d Cir. 2000).
[11] Appellant's Br. 17.
[12] J.A. 393a.

5

determined that Kardos's testimony would not aid the jury. Indeed, the jury was to rely on the facts of this case in determining whether Progressive acted in bad faith, and expert testimony as to the value of other cases would not have assisted the jury in completing that task.[13] We therefore find no abuse of discretion in the District Court's decision to preclude Kardos's expert testimony.[14]

## B.

Antonio also argues that a new trial is necessary because the District Court erred in precluding a report from her physician Dr. Bruce H. Grossinger, and in limiting her own testimony and her cross-examination of Shank. She contends that the evidence was relevant to the "full value" of her underlying UIM claim.[15]

We review evidentiary rulings for abuse of discretion.[16] "We will not disturb a trial court's exercise of discretion unless 'no reasonable person would adopt the district court's view.'"[17] Further, under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible."[18] "Evidence is relevant if: (a) it has any tendency to make a fact more or

---

[13] To prevail under Pennsylvania's bad faith statute, the plaintiff must show that "(1) [the] insurer did not have a reasonable basis for denying benefits under the policy and (2) [the] insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

[14] *See Bergman v. United Servs. Auto. Ass'n*, 742 A.2d 1101, 1108 (Pa. 1999) (holding that the trial court did not abuse its discretion in excluding expert testimony in bad faith insurance case partly because the "case did not involve highly sophisticated insurance concepts or practices, or call for special knowledge, skill or experience to understand and analyze [the insurer's] conduct").

[15] Appellant's Br. 23.

[16] *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002).

[17] *Id.* (quoting *Oddi*, 235 F.3d at 146).

[18] Fed. R. Evid. 402.

less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[19]

First, the District Court did not abuse its discretion in precluding Antonio from offering Dr. Grossinger's medical report. While Antonio argues that Progressive made "low ball offers" to settle and that the jury should have been allowed to hear evidence as to the full value of her claim, it is undisputed that Antonio did not provide Progressive with Dr. Grossinger's report until after Progressive settled the claim.[20] Because Progressive was not in possession of the report when it was evaluating Antonio's claim, it could not have considered the report's findings when making its settlement offers. Therefore, the report had no relevance to the issue of whether Progressive acted in bad faith. Accordingly, we see no abuse of discretion in the District Court's decision to exclude the report.

Second, while Antonio argues that the District Court's evidentiary rulings left her unable to present the full value of her UIM claim, the record shows that the District Court allowed Antonio and Shank to testify at length about Antonio's injuries and related wage loss. For example, Antonio asked Shank what medical evidence she considered in evaluating Antonio's UIM claim and whether her calculations were as to the "entire value of [Antonio's] claim."[21] Indeed, Antonio cross-examined Shank extensively on her knowledge of medical records introduced at trial and on Antonio's stroke. In addition,

---

[19] Fed. R. Evid. 401.
[20] Appellant's Br. 23.
[21] J.A. 402a.

7

the District Court allowed Antonio to testify about her injuries related to the car accident, medical problems she developed after the accident, and medical treatment. To the extent the District Court sustained objections to parts of Antonio's testimony on grounds of relevance, we find no abuse of discretion in those rulings.[22]

## C.

Antonio also challenges the District Court's jury charge, arguing that the District Court failed to correctly instruct the jury as to the applicable burden of proof because it used "hand gestures demonstrating Antonio's burden in the 'clear and convincing' standard as a point midway between proof by preponderance of the evidence and proof beyond a reasonable doubt."[23] We disagree.

At the outset, we note that Antonio did not object to the substance of the District Court's jury charge or the use of hand gestures. Therefore, "we will review the instruction only for plain error" and "will reverse and remand for a new trial only if the alleged error is fundamental and highly prejudicial, such that the instructions failed to

---

[22] Further, because the jury found for Progressive on liability and therefore did not reach the question of damages, any purported error in the District Court's exclusion of evidence relating to her request for compensatory damages, punitive damages, and interest was harmless. *See Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 411 (3d Cir. 2006) ("An error will be deemed harmless only if it is 'highly probable' that the error did not affect the outcome of the case." (quoting *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005))); *see also Jennings v. BIC Corp.*, 181 F.3d 1250, 1260 (11th Cir. 1999) (holding that the court's failure to give a damages instruction was harmless where the defendant was found not liable).

[23] Appellant's Br. 34.

provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice."[24]

We find no plain error in the District Court's jury charge. The District Court instructed the jury that clear and convincing evidence "means that the evidence is so clear, direct, substantial that you are convinced without hesitation that a fact is true."[25] Language used by the District Court was substantially similar to language we have previously approved of.[26] While Antonio takes issue with the District Court's use of "hand gestures" during the jury charge, there is no reason to believe that those "hand gestures" confused or in any way distracted the jury from the District Court's correct instruction on clear and convincing evidence. Therefore, we find no error, much less plain error.[27]

### III.

For the reasons stated above, we will affirm the District Court's order entering judgment in Progressive's favor.

---

[24] *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 136 (3d Cir. 1997).

[25] J.A. 729a–30a.

[26] *See, e.g., Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (observing that clear and convincing evidence for a Pennsylvania bad faith claim is a "heightened standard" which "requires evidence 'so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" (citation omitted)).

[27] Having found that the District Court's jury instruction was proper, we find no merit to the argument that the charge led to "the jury's inexplicable decision," Appellant's Br. 35, to find for Progressive only as to one prong of the two-prong test for a finding of bad faith under section 8371.